United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ANTONIO ROSALES,<br><br>              Debtor.<br><br>ANTONIO ROSALES AND CARMEN ROSALES,<br><br>              Plaintiffs,<br>   v.<br><br>VICKY ALVAREZ ROSALES et al.,<br><br>              Defendants. | Case No.: 13-CV-01316-LHK<br>Bankr. Case No.: 11-52181-ASW<br>Bankr. Adv. No.: 12-05018-ASW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE |

20  Plaintiffs Antonio and Carmen Rosales, seeking relief on a variety of federal and state

21  claims concerning title to their home, filed this action as an adversary proceeding in the

22  Bankruptcy Court for the Northern District of California. Named as defendants are Vicky Alvarez

23  Rosales, Plaintiffs' daughter-in-law; the Estate of Salvador Rosales, Plaintiffs' son; North

24  American Title Company ("North American"); Alisha Carroll, an employee of North American;

25  Mortgagepointer.com, Inc. ("Mortgagepointer"); Jagdeep Kapoor and Rana Saluja as alter egos of

26  Mortgagepointer; Wells Fargo Bank, N.A. ("Wells Fargo") as trustee for the Certificateholders of

27  Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding Trust 2006-AR-3,

28

1
Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

Mortgage Pass-Through Certificates, Series 2006-AR3; JPMorgan Chase Bank, N.A. ("JPMorgan"); and EMC Mortgage, L.L.C. ("EMC"). Defendant North American, joined by Wells Fargo, JPMorgan, and EMC, moves for withdrawal of the reference to the Bankruptcy Court under 28 U.S.C. § 157(d). For the reasons below, the Court GRANTS in part and DENIES in part Defendants' motion for withdrawal of the reference to the Bankruptcy Court.

## I. BACKGROUND

### A. Factual Background

Debtor Antonio Rosales (now deceased) and his wife, non-debtor Carmen Rosales, are immigrants from Mexico with limited English language proficiency. First Am. Adversary Compl. ("FAAC"), ECF No. 1 pp. 12–38, ¶¶ 32–34. Carmen is disabled, receives disability benefits, and has been subject to a conservatorship for the gravely disabled since 2004. *Id.* ¶ 35. Plaintiffs purchased a house in Mountain View ("the Property") in 1994 and have lived there since. *Id.* ¶ 1. Title to the Property has a convoluted history. Title was originally placed in the names of Plaintiffs' daughter and her husband, *id.* ¶ 36, but subsequently underwent various intra-family transfers, *id.* ¶¶ 37, 42. Despite the complicated chain of title, Plaintiffs were solely responsible for the down payment, made mortgage payments on the Property, and were its only persistent occupants. *Id.* ¶¶ 36–51.

Plaintiffs allege that in July of 2006, Plaintiffs' son Salvador Rosales (now deceased) and his wife Vicky Alvarez Rosales, who at that time shared joint title to the Property with Plaintiffs, refinanced Plaintiffs' mortgage without Plaintiffs' knowledge or consent. *Id.* ¶ 42. Salvador and Vicky executed the refinancing at a Mortgagepointer office where Antonio and Carmen Rosales, unable to understand the documents they were asked to sign and without assistance of a translator, were removed from the title. *Id.* ¶¶ 39–42. After Salvador and Vicky received the proceeds from the loan, Antonio and Carmen Rosales were once again placed on the title using a second deed signed and notarized at the same time as the first. *Id.* ¶ 42. Alisha Carroll, the notary responsible for notarizing the two deeds, was an employee of North American. *Id.* ¶ 21. The end result of the refinancing was that Salvador and Vicky secured a loan of approximately $340,000 using the

2

Property as collateral. *Id.* ¶ 42; ECF No. 11 at 3. The loan was funded and thereafter securitized by Bear Stearns, FAAC ¶ 45, and serviced by EMC, *see id.* ¶ 49. Plaintiffs allege that JPMorgan is Bear Stearns' successor and has acquired Bear Stearns' liability. *Id.* ¶ 19.

Salvador died on November 27, 2008, *id.* ¶ 48, and Vicky filed for bankruptcy in July of 2010 after defaulting on the loan, *id.* ¶ 50. Throughout this time and in spite of the refinancing, Plaintiffs continued to make their payments on the mortgage, unaware of the change in its terms. In November of 2010, EMC refused to accept Plaintiffs' payment because Plaintiffs were not named on the loan. *Id.* ¶ 51.

### B. Procedural History

On March 8, 2011, Plaintiffs filed for bankruptcy in an effort to save their home by taking advantage of the automatic stay. *Id.* ¶ 53. Wells Fargo, as the mortgagee of Plaintiffs' securitized mortgage, filed a secured claim against the bankruptcy estate in the amount of $418,885.35. *Id.*

On September 27, 2012, Plaintiffs initiated an adversary proceeding against Defendants in Bankruptcy Court asserting the following causes of action: (1) violation of the Fair Housing Act (against Mortgagepointer, JPMorgan, Jagdeep Kapoor, and Rana Saluja); (2) violation of California Civil Code Section 1632 (against Mortgagepointer, Jagdeep Kapoor, and Rana Saluja); (3) fraud (against Mortgagepointer, Jagdeep Kapoor, Rana Saluja, Vicky Alvarez Rosales, and the Estate of Salvador Rosales); (4) aiding and abetting fraud (against Mortgagepointer, Jagdeep Kapoor, Rana Saluja, JPMorgan, North American, and Alisha Carroll); (5) financial elder abuse (against Mortgagepointer, Jagdeep Kapoor, Rana Saluja, Vicky Alvarez Rosales, and the Estate of Salvador Rosales); (6) aiding and abetting financial elder abuse (against JPMorgan, Mortgagepointer, Jagdeep Kapoor, Rana Saluja, JPMorgan, North American, and Alisha Carroll); (7) unfair business practices (against all Defendants except Vicky Alvarez Rosales and the Estate of Salvador Rosales); (8) wrongful foreclosure (against EMC and Wells Fargo); (9) negligence (against all Defendants); (10) quiet title (as to all Defendants except Mortgagepointer, Jagdeep Kapoor, Rana Saluja, and North American); (11) declaratory relief (against all Defendants); and (12) determination of secured claim (against Wells Fargo).

North American now moves for withdrawal of this Court's reference to the Bankruptcy Court, ECF No. 1, and Wells Fargo, JPMorgan, and EMC join the motion, ECF No. 6. Plaintiffs have filed an opposition, ECF No. 11, and moving Defendants have filed replies, ECF Nos. 12, 13.

## II.  LEGAL STANDARD

In general, "the district courts . . . have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). However, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a); *see also* § 1334(b) (providing exception to exclusive jurisdiction rule of § 1334(a)). In this district, "all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the Bankruptcy Judges . . . except as [otherwise] provided." B.L.R. 5011-1.

Resolution of the instant motion turns on whether Defendants have shown that this automatic reference to the Bankruptcy Court should be withdrawn. 28 U.S.C. § 157 provides for two sets of circumstances in which withdrawal is proper, one in which withdrawal is required and one in which withdrawal is permitted at the discretion of the District Court. *See* 28 U.S.C. § 157(d). In either case, "the burden of persuasion is on the party seeking withdrawal." *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011).

First, section 157's mandatory withdrawal provision states that "the district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d) (emphasis added). Accordingly, "[s]ection 157 . . . *mandates* withdrawal in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). While the Ninth Circuit has not further defined the contours of the "material consideration" necessary to trigger mandatory withdrawal, other courts have found that mandatory withdrawal is only proper where the question of non-bankruptcy federal

4

Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

law "require[s] the interpretation, as opposed to mere application, of the non-title 11 statute." *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) ("[Mandatory withdrawal] is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary."); *In re Tamalpais Bancorp*, 451 B.R. 6 at 8 (collecting cases).

Second, even where withdrawal is not mandatory, "the district court *may* withdraw, in whole or in part, any case or proceeding . . . on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

In assessing the efficiency factor, a District Court must consider whether issues on which the Bankruptcy Court can enter final judgment predominate with respect to the underlying complaint. *Id.*; *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("questions of efficiency and uniformity will turn [on whether the Bankruptcy Court can enter final judgment]"); *In re Arbco Capital Mgmt., LLP*, 479 B.R. 254 (S.D.N.Y. 2012). If the Bankruptcy Court cannot enter final judgment with respect to most of the claims, then efficiency favors withdrawing the reference.

Whether the Bankruptcy Court can enter final judgment turns principally on whether a claim is "core" or "non-core" under section 157. 28 U.S.C. § 157. "Core proceedings are those that arise in a bankruptcy case or under Title 11. The detailed list of core proceedings in § 157(b)(2) provides courts with ready examples of such matters."[1] *Stern v. Marshall*, 131 S. Ct. 2594, 2605

---

[1] The complete list is provided below.
    (2) Core proceedings include, but are not limited to—
        (A) matters concerning the administration of the estate;
        (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

5

Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

(2011). Unless section 157 requires otherwise, "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered non-core." *Sec. Farms*, 124 F.3d at 1008. Even though a claim may have "a profound impact on the bankruptcy proceedings," it will nevertheless be non-core if it could have been brought in the absence of a bankruptcy case. *See In re Tamalpais Bancorp*, 451 B.R. at 11. The Bankruptcy Court may only enter final judgment with respect to core proceedings. 28 U.S.C. § 157. In non-core proceedings, the Bankruptcy Court submits proposed findings of fact and conclusions of law to the District Court, which must conduct a de novo review to the extent that any party objects to the Bankruptcy Court's proposal. *Id*.

The Constitution places additional limits on the Bankruptcy Court's power to enter final judgments over even "core" proceedings. Specifically, the Supreme Court has held the Bankruptcy Court may not issue final judgments with respect to a counterclaim that is "core" under 28 U.S.C. § 157(b)(2)(C) if the counterclaim is a "common law cause of action, when the action neither derives from nor depends upon any agency regulatory regime." *Stern*, 131 S. Ct. at 2615.

---

(C) counterclaims by the estate against persons filing claims against the estate;
(D) orders in respect to obtaining credit;
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(G) motions to terminate, annul, or modify the automatic stay;
(H) proceedings to determine, avoid, or recover fraudulent conveyances;
(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, or priority of liens;
(L) confirmations of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2).

6

Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

## III. DISCUSSION

### A. Mandatory Withdrawal

Defendants contend that mandatory withdrawal applies to all of Plaintiffs' causes of action. ECF No. 1 at 5. Yet, as discussed above, only causes of action that require interpretation of non-bankruptcy federal law are subject to mandatory withdrawal. 28 U.S.C. § 157(d). All but one of Plaintiffs' causes of action arise under state law. Specifically, Plaintiffs' causes of action for violation of California Civil Code Section 1632, fraud, aiding and abetting fraud, financial elder abuse, aiding and abetting financial elder abuse, unfair business practices, wrongful foreclosure, negligence, quiet title, declaratory relief, and determination of secured claim all raise only questions of state law. Because these causes of action do not require any interpretation of non-bankruptcy federal law, the Court finds that mandatory withdrawal of these claims would be improper. *Id.*

Plaintiffs' sole cause of action under non-bankruptcy federal law is their claim alleging that Mortgagepointer, Jagdeep Kapoor, Rana Saluja, and JPMorgan violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), by discriminating in residential real estate transactions. However, mandatory withdrawal of the reference is only appropriate where resolution of the proceedings will require *substantial interpretation*, rather than mechanical application, of federal non-bankruptcy law. That is, mandatory withdrawal is appropriate only where "the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Matter of Vicars Ins. Agency*, 96 F.3d at 954. Defendants bear the burden of establishing that Plaintiffs' complaint gives rise to questions that require this type of substantial interpretation. *See In re Tamalpais Bancorp*, 451 B.R. at 9 (holding that "movant must do more than merely suggest that novel issues of law could possibly arise in a bankruptcy proceeding.").

Here, Defendants do not meet their burden of establishing that Plaintiffs' FHA claim will require substantial interpretation. Defendants base their arguments for mandatory withdrawal on the conclusory statement that "resolution of the adversary proceeding requires consideration of both Title 11 and other laws of the United States." ECF No. 1 at 5. The bare assertion that non-

7

Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

bankruptcy federal laws will be considered is not enough to demonstrate the need for mandatory withdrawal. *See In re Tamalpais Bancorp*, 451 B.R. at 9 ("[T]he mere presence of [non-Title 11 law] does not satisfy [movant's] burden of identifying novel issues of law that are likely to arise in the adversary proceeding."). Rather, Defendants must provide some analysis of why Plaintiffs' FHA claim raises novel issues that will require substantial interpretation. They have not done so.

Because Plaintiffs have only alleged one cause of action under non-bankruptcy federal law and because Defendants have not met their burden of establishing that this cause of action will require the Court to engage in *substantial interpretation* of non-bankruptcy federal law, this Court finds mandatory withdrawal inappropriate in this case.

### B. Permissive Withdrawal

Having found that mandatory withdrawal does not apply, the Court now turns to whether it *may* withdraw the reference. In determining whether to exercise its discretion to withdraw the reference, the Court examines how withdrawal will affect "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

#### a. Efficiency

The Court begins by analyzing efficiency, a factor that courts closely analyze in the withdrawal analysis. *See In re Tamalpais Bancorp*, 451 B.R. at 10–11; *In re Arbco Capital Mgmt., LLP*, 479 B.R at 262–67. The efficiency inquiry requires the Court to determine whether the Bankruptcy Court has jurisdiction to enter final judgment over the causes of action in this case. In their motion, Defendants contend that the Bankruptcy Court has twice, in adjudicating this matter, noted that it may lack jurisdiction to consider Plaintiffs' claims. ECF No. 1 at 6. This Court notes, however, that the Bankruptcy Court's actual statements are not in the record. Further such statements would only be persuasive, not binding, as this Court must undertake its own analysis to determine whether the Bankruptcy Court has jurisdiction.

The first step in determining whether the Bankruptcy Court can enter final judgment is classifying Plaintiffs' claims as core or non-core. Plaintiffs' complaint does not state whether their

various causes of action are core or non-core, notwithstanding the fact that the Federal Rules of Bankruptcy Procedure require such pleading. *See* FAAC at 12–38; Fed. R. Bankr. P. 7008 ("In an adversary proceeding before a bankruptcy judge, the complaint . . . shall contain a statement that the proceeding is core or non-core."). However, in their opposition to the instant motion, Plaintiffs contend that all of their causes of action are core for two reasons. First, Plaintiffs contend that their claims fall within section 157(b)(2). Second, Plaintiffs contend that all causes of action that relate to foreclosure are core. The Court addresses each of these contentions in turn.

First, Plaintiffs argue that their causes of action fall within some of the other exemplary categories of section 157(b)(2). Specifically, Plaintiffs claim that their causes of action are all "matters concerning the administration of the estate; . . . estimations of claims or interests for the purpose of confirming a plan; . . . determination[s] of the validity, extent, priority of liens; . . . [or] other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." ECF No. 11 at 6; *cf.* 28 U.S.C. § 157(b)(2). Plaintiffs argue that the claims fall into these categories because "they seek a determination as to the nature of [the bankruptcy] estate's interest in the Home at issue and the rights and obligation of the secured creditor and others with respect to the Home." ECF No. 11 at 6.

Plaintiffs are correct that their cause of action for determination of a secured claim is core under this analysis. The determination of a secured claim requires "determinations of the validity, extent, or priority of liens," which are core under section 157(b)(2)(K). Accordingly, even Defendants concede, the determination of a secured claim cause of action arises out of bankruptcy law and is therefore core. ECF No. 1 at 5.[2]

The Court finds, however, that Plaintiffs' remaining claims are not core under this theory. Wells Fargo is the only Defendant to have submitted a claim against the bankruptcy estate. *See* ECF No. 1 at 44; FAAC ¶ 120. The other Defendants do not claim to have any interest in the home. Moreover, "[t]he rights and obligations of . . . others with respect to the Home" do not arise out of

---

[2] The Court further finds that there is no Constitutional reason why the Bankruptcy Court could not enter final judgment on this cause of action.

9

Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

Title 11 on their face, and Plaintiffs do not provide any argument or authority as to why the Court should find they arise out of the bankruptcy case in this instance. Accordingly, the Court rejects Plaintiffs' contention that all of the causes of action are core under section 157(b)(2). Rather, the Court finds that only the determination of a secured cause of action claim is core.

Second, Plaintiffs summarily contend in their briefing that "a foreclosure proceeding is a core proceeding over which the bankruptcy court has jurisdiction" and that, because the instant action "involves a foreclosure," all of Plaintiffs' causes of action are core. ECF No. 11 at 7 (citing *In re Cassidy Land & Cattle Co., Inc.*, 836 F.2d 1130 (8th Cir. 1988)). The Court, however, finds that the authority Plaintiffs cite is inapposite. *Cassidy* explicitly cabins its holding to a very different kind of foreclosure action, distinguishing and excluding "the typical foreclosure associated with a bankruptcy proceeding wherein the bankrupt is the party against whom foreclosure proceedings are brought." *Cassidy*, 836 F.2d at 1133. In *Cassidy,* the Eighth Circuit did "not pass judgment as to whether [such a foreclosure] is a core proceeding." *Id.* The Court finds that ordinary foreclosure actions do not fit under any of the enumerated categories of section 157(b)(2). Further, Plaintiffs provide no analysis as to why foreclosure actions should be considered core. Accordingly, the Court does not find all of Plaintiffs' causes of action core under this analysis.

While Plaintiffs do not rely on this theory, the only plausible basis over which any of the causes of action other than the determination of a secured claim cause of action could be considered "core" is as counterclaims "against persons filing claims against the estate" under section 157(b)(2)(C). However, even if these claims are "core" under this provision of section 157, the Bankruptcy Court would lack the Constitutional authority to enter final judgment on such counterclaims. As noted above, Wells Fargo is the only Defendant that has filed its own claim. Therefore, only the causes of action against Wells Fargo (unfair business practices, wrongful foreclosure, negligence, quiet title, and declaratory relief)[3] could be considered "core" as

---

[3] Wells Fargo is also a Defendant to the determination of a secured claim cause of action. But the Court has already found that cause of action to be a core claim on which the Bankruptcy Court can enter final judgment.

10

Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

counterclaims under section 157(b)(2)(C). However, under *Stern*, the Bankruptcy Court cannot enter final judgment on these claims because the counterclaims at issue are state law causes of action that "neither derive[] from nor depend[] upon any [federal] agency regulatory regime." 131 S. Ct. at 2604–08, 2615.

Having rejected the theories under which the Bankruptcy Court could enter final judgment on Plaintiffs' causes of action other than the determination of a secured claim cause of action, the Court finds that the Bankruptcy Court cannot enter final judgment with respect to any of Plaintiffs' causes of action other than the determination of a secured claim cause of action. These remaining causes of action are violation of the FHA, violation of California Civil Code Section 1632, fraud and the aiding and abetting thereof, financial elder abuse and the aiding and abetting thereof, unfair business practices, wrongful foreclosure, negligence, quiet title, and declaratory relief. These claims did not "arise in" Plaintiffs' bankruptcy case or under Title 11. Rather, they are primarily independent claims that could have been brought in state or non-bankruptcy federal court. *See Sec. Farms*, 124 F.3d at 1008. Therefore, the Court finds that the Bankruptcy Court does not have the authority to enter final judgment with respect to these claims. As the Bankruptcy Court can enter final judgment with respect to only one of Plaintiffs' twelve claims, it is clear that issues on which the Bankruptcy Court cannot enter final judgment predominate. Accordingly, the Court finds that efficiency concerns favor withdrawal.[4] *See Sec. Farms*, 124 F.3d at 1008.

### b. Other Factors

The Court now turns to the other considerations: avoiding delay, avoiding excessive costs, preventing forum shopping, and ensuring uniformity of the administration of the bankruptcy estate.

---

[4] Some courts have found that efficiency concerns weigh in favor of denying withdrawal at the pretrial stage because claims on which the Bankruptcy Court may not enter final judgment "may be resolved before the matter is ripe for a trial before a jury" and the Bankruptcy Court may already have some familiarity with the matter at hand that renders its continued handling of the matter the most efficient course of action. *See In re Arbco Capital Mgmt., LLP*, 479 B.R. at 267. However, where, as here, non-core claims completely overwhelm claims that can be finally adjudicated in Bankruptcy Court, the matter is more likely to eventually come before this Court and efficiency is best served by having the matter heard in the correct forum at the earliest possible opportunity. *Cf. Sec. Farms*, 124 F.3d at 1008. The Court therefore finds *Arbco Capital Management*'s efficiency analysis distinguishable because in that case the adversary action was filed against a single defendant and three of seven causes of action arose under the Bankruptcy Code. *Id.* at 257–58.

11
Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE

In this case, withdrawal will prevent delay and added costs to the parties by placing the non-core cases in this Court, which can render final judgment. *See* 28 U.S.C. § 157(c)(1). The Court's finding that these prevention of delay and avoidance of costs weigh in favor of withdrawal is supported by the fact that the Bankruptcy Court has twice opined that the bulk of Plaintiffs' claims lie outside that court's jurisdiction. ECF No. 1 at 6.

The prevention of forum shopping is not a concern here as only this Court has the power to enter final judgment on the claims over which the Bankruptcy Court cannot enter final judgment. Therefore, even if the Bankruptcy Court were to adjudicate these claims, this Court would have to conduct de novo review to the extent that the losing party had any objections. *See In re Tamalpais Bancorp*, 451 B.R. at 9 ("[N]either denying nor granting [the] motion [to withdraw reference] will facilitate forum shopping here because a district court will ultimately need to address the issues, whether initially or on de novo review of the bankruptcy court.").

Uniform administration of the bankruptcy estate is the sole factor that favors not withdrawing the reference. Plaintiffs have alleged a core cause of action, the determination of a secured claim, over which the Bankruptcy Court may enter final judgment. The uniformity of bankruptcy administration would be adversely affected if this Court were to withdraw reference with respect to a claim more properly within the Bankruptcy Court's competence. *See In re Orion Pictures Corp.*, 4 F.3d at 1101. This Court agrees and severs Plaintiffs' cause of action for determination of a secured claim to allow that claim to proceed before the Bankruptcy Court.

However, because one core claim is not enough to prevent withdrawal of Plaintiffs' eleven other claims against parties with no interest in the bankruptcy proceedings, this Court withdraws the reference with respect to these other causes of action. *See* 28 U.S.C. § 157(d) (noting that reference may be withdrawn "in part" for cause shown).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Withdrawal of Reference with respect to claims 1–11 of the complaint and DENIES Plaintiffs' Motion for Withdrawal of Reference with respect to claim 12 of the complaint. All further proceedings with

respect to claims 1–11 of this adversary action shall be held before this Court. Plaintiffs shall file an amended complaint excluding claim 12 with this Court within 14 days. Failure to do so will result in dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: November 4, 2013

_____
LUCY H. KOH
United States District Judge

13
Case No.: 13-CV-01316-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE